**UNITED STATES, Appellant,**

v.

**Donald Ronnie GRAHAM, Appellee.**

**No. 4688.**

District of Columbia Court of Appeals.

Argued Jan. 13, 1969.

Decided March 10, 1969.

Axel Kleiboemer, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellant.

Michael H. Sindler for appellee. Joseph M. Snee and Paul M. Conway were on the brief.

Before KELLY, FICKLING and GAL-LAGHER, Associate Judges.

PER CURIAM:

This is an appeal from an order dismissing, with prejudice, the information charging the appellee with simple assault.

On February 14, 1968, the appellee was charged with simple assault as a result of certain events which allegedly occurred on February 7, 1968. Appellee requested a jury trial, and the case was continued to March 20, 1968, for trial. On March 20, 1968, the court, sua sponte, continued the case until the next day due to the unavailability of a trial judge. At the call of the trial calendar on March 21, 1968, the prosecutor stated that he did not know at the moment if the Government was ready for trial. His trial calendar did not list the instant case, and he requested a few minutes to ascertain if the Government was ready to proceed. The defendant having announced ready for trial, the court would accept only a "yes" or "no" answer to its inquiry concerning the Government's readiness to proceed to trial. Appellee's motion to dismiss the information with prejudice was granted. Within a few minutes after the dismissal, the prosecutor informed the court that the Government was ready for trial and he requested that the dismissal be set aside. This request was denied.

A dismissal with prejudice under these circumstances was an abuse of discretion. We are cognizant of the tremendous case load carried by the trial court, and we are aware also of the accompanying difficult administrative problems of processing these cases for trial by the prosecutor's office and the court. However, these difficulties were not justification for dismissing this case with prejudice where no issue of a speedy trial was raised or is apparent from the record before us. An oversight of a clerk, in failing to list the instant case on the prosecutor's trial calendar, was hardly a basis for refusing to give the prosecutor a reasonable opportunity to ascertain if the Government was, in fact, ready for trial.

Reversed with instructions to set aside the dismissal with prejudice.